HEARD APRIL TERM, 1873.

## JONES *vs.* HAMMETT.

Where, after action commenced against an executor and answer filed by him, he obtains, from the Judge of Probate, a discharge under the Act "to regulate the manner of granting a final discharge to executors," &c., and no mention of such discharge is made in any pleading in the case, it is error, upon mere proof of the discharge at the trial, to non-suit the plaintiff.

BEFORE ORR, J., AT GREENVILLE, ——— TERM, 1871.

This was an action against the defendant, as executor of Jesse Hammett, deceased. The issues made by the pleadings, and the facts, as set forth in the brief, are stated in the opinion of the Court. His Honor the Circuit Judge ordered a non-suit, and the plaintiff appealed.

——— ———, for appellant.

*Easley & Wells,* contra.

Sept. 13, 1873. The opinion of the Court was delivered by

MOSES, C. J. We do not propose to decide how far, under the Act of March 26, 1869, "to regulate the manner of granting a final discharge to executors, administrators, trustees, guardians, or committees," (14 St., 263, Gen. Stat., 189,) the order of a Probate Judge, discharging an executor, may avail to protect him, either against the creditors or the devisees and legatees of the testator. Nor is it our purpose to decide whether the Act has reference to an executor, or was intended only to apply to such personal representatives as are required to give bond in the Court of Probate before they are allowed to exercise the duties of their respective offices, which the law imposes by their appointment. It is a statute involving important interests, in which infants are usually concerned, and we are not disposed to give a construction to it until demanded by the occasion, which may bring it up in a direct way for our consideration, when we will have, too, the benefit of a discussion, and will, therefore, be better prepared to pass upon it.

It appears that the complaint here was filed on the 15th, and served on the 16th December, 1870. The answer was filed on January 2, 1871, denying the debt demanded, and setting up, substantially, the plea of *plene administravit* in fact, averring that "the

only goods and chattels of the testator, which had come to his hands, together with his real estate, had been set apart for the use of his widow under the Homestead Act." On the 28th January, 1871, the plaintiff filed his reply, alleging "that the account for which the action was brought was for medical services and medicines furnished the testator in his last illness—a preferred debt, of which the defendant had notice before he paid any of the debts of his testator,"—contoverting the plea of *plene administravit*, and averring that the setting apart of the real and a portion of the personal property of the testator, as a homestead, did not bar his recovery.

It further appeared that the defendant, on 4th December, 1870, filed his petition in the office of the Judge of Probate for Greenville County for a final discharge, and that, upon the 10th day of January, 1871, the said Judge "ordered and decreed that the said executor be finally discharged from further accounting to this Court, and that he be relieved from all further responsibilities or liabilities on account of his administration of said estate."

It will be remembered that the petition of the executor was filed on the 4th December, 1870; that his answer to the complaint was filed on the 2d of January, 1871, some days before the alleged discharge, and no reference to the proceeding was made in it. The presiding Judge held that it discharged the defendant from the complaint, and ordered a non-suit.

It is difficult to ascertain from the brief what proof was adduced on either side. The discharge, however, of January 10, 1871, made after the complaint was brought and the answer filed, was held conclusive in favor of the defendant.

Is it, of itself, sufficient to show that he had no assets at the time when the action was brought, the proceeding before the Judge of Probate then pending? It is clear that the personal property, when action was commenced, was in the possession of the defendant, and never set apart as a homestead to the widow until December 30, 1870. When the complaint was filed, the defendant did have assets of the estate of his testator, and had not then "fully administered all the goods and chattels which were of the said Jesse Hammett, at the time of his death, which had ever come to his hands as executor, as aforesaid, to be administered," as he alleged in his answer, and he cannot have the benefit even of a discharge afterwards obtained, unless the same is, in proper form of pleading, brought to the notice of the opposite party, as well as the Court.

If he intended to rely on the discharge, as a bar to the action, he should have filed a further answer in the nature of a *plea puis darrien continuance,* so far as the effect of it was to avail. There was nothing in the way of testimony to show that, when the complaint was filed, he had no assets of the testator in his hands to be administered, nor can any such conclusion be necessarily drawn from the fact of the discharge. The case has been imperfectly developed, and determined without a due regard to the pleadings, which the parties will have an opportunity of perfecting before another trial.

The motion to set aside the non-suit is granted, and the case remanded.

*Wright,* A. J., and *Willard,* A. J., concurred.